1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    DEMETRIUS DAVIS,                           No.  2:19-cv-1960 TLN AC P

12                    Plaintiff,

13          v.                                   ORDER

14    COUNTY OF SACRAMENTO, et al.,

15                    Defendants.

16

17          Plaintiff, a county inmate proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and

18    has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

19          I.      Application to Proceed In Forma Pauperis

20          Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C.

21    § 1915(a).  ECF No. 2.  Accordingly, the request to proceed in forma pauperis will be granted.

22          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C.

23    §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

24    accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

25    the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

26    forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments

27    of twenty percent of the preceding month's income credited to plaintiff's inmate trust account.

28    These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

                                                  1

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C.
§ 1915(b)(2).

II.     Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur

1    R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

2        "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

3    relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting

4    Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual

5    content that allows the court to draw the reasonable inference that the defendant is liable for the

6    misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this

7    standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg.

8    Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the

9    pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor,

10   Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

11       III.    Complaint

12       Plaintiff brings suit against Sacramento County, its Sheriff, the Rio Cosumnes

13   Correctional Center, and unspecified jail medical staff (collectively), regarding medical care for a

14   broken hand. ECF No. 1. Plaintiff alleges as follows. In February 2019, plaintiff slipped and fell

15   in the shower at RCCC, breaking his hand and wrist. According Dr. Saba, the hand should have

16   been rebroken and a screw put in. Plaintiff experienced issues with repeated x-rays. Plaintiff

17   received no pain medication, and the only treatment for the fracture was a soft splint. Plaintiff's

18   hand is healing incorrectly, and he remains in pain. Id. at 3-4.

19       IV.    Failure to State a Claim

20       Plaintiff does not specify in the complaint whether he was a pretrial detainee or was

21   serving a sentence at the time of the events giving rise to his claim. If plaintiff was a pretrial

22   detainee, then his claim of inadequate medical care arises under the Fourteenth Amendment and

23   is governed by an objective deliberate indifference standard. See Gordon v. County of Orange,

24   888 F.3d 1118, 1124-1125 (9th Cir. 2018). To state a claim, plaintiff must allege facts showing

25   that (i) a defendant made an intentional decision with respect to the conditions under which the

26   plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious

27   harm; (iii) the defendant did not take reasonable available measures to abate that risk, even

28   though a reasonable official in the circumstances would have appreciated the high degree of risk

3

involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.  Id.  If plaintiff had been convicted and was serving a sentence at the time of the events, then his claim is governed by the Eighth Amendment and he must allege facts showing that his medical needs were objectively serious, and that each defendant possessed a sufficiently culpable state of mind.  Wilson v. Seiter, 501 U.S. 294, 299 (1991).  That state of mind, deliberate indifference, requires facts establishing that defendant subjectively understood that plaintiff faced an excessive risk of harm, but disregarded that risk.  See Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004).

The facts alleged here are not enough to state a claim for relief under either a subjective or an objective deliberate indifference standard.  First, it appears that plaintiff has named the wrong defendants.  The County is not liable under § 1983 for wrongs committed by its medical personnel or other employees; it can be sued only for wrongs caused by a County or Jail policy.  See Monell v. Department of Social Services, 436 U.S. 658, 694 (1978).  RCCC is a County agency, so the same rule applies.  There are no allegations implicating any policy.  Similarly, the Sheriff can only be liable for constitutional violations that he causes.  See Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011) (supervisors are liable for their supervisory acts only, not for the acts of subordinates).  There are no allegations of involvement by the Sheriff.  Finally, plaintiff may not maintain a claim against unspecified "jail medical staff" as a collective entity.  Liability under § 1983 is limited to the persons who actually caused the violation of plaintiff's rights.  See Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff has not alleged facts about the conduct of any individual medical provider at RCCC, or about the particular treatment that was provided and/or withheld by any person.  Accordingly, plaintiff has not stated a claim for relief against any unnamed medical provider.  Plaintiff is informed that "Doe pleading" is disfavored in federal court.  Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980).  However, Doe pleading is not forbidden and may be appropriate in limited circumstances, for example where the plaintiff has stated a valid claim but requires discovery to identify the proper defendant.  Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th

////

4

Cir. 1999). The complaint before the court does not state a valid claim against any Doe defendant.

Plaintiff will be granted leave to amend his complaint.

## V. Leave to Amend

If plaintiff chooses to file a first amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his first amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files a first amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

## VI. Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted and you are not required to pay the entire filing fee immediately.

You are being given leave to amend because the facts you have alleged in the complaint are not enough to state a claim for relief. You need to clarify whether you were a pretrial

detainee or were serving a sentence at the time your injuries were being treated. You can only maintain a claim against the County or RCCC if you can present facts showing that the violation of your rights was caused by a County or Jail policy. You can only maintain a claim against the Sheriff if you can present facts showing that he caused the violation of your rights; it is not enough that he is generally in charge of the jail. To state a claim that your constitutional rights were violated by medical care, you need to identify the individual medical providers whose conduct hurt you. Even if you do not know their names, you need to describe what the individuals did, and what the circumstances were that show deliberate indifference on the part of each individual you are trying to sue.

If you choose to amend your complaint, the first amended complaint must include all of the claims you want to make because the court will not look at the claims or information in the original complaint. **Any claims not in the first amended complaint will not be considered.**

CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith.

3. Plaintiff's complaint fails to state a claim upon which relief may be granted, see 28 U.S.C. § 1915A, and will not be served.

4. Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Plaintiff must file an original and two copies of the amended complaint. Failure to file an amended complaint in accordance with this order will result in dismissal of this action.

////

6

1         5.  The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint

2   form used in this district.

3   DATED: June 3, 2021

4

5   ALLISON CLAIRE
    UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28