1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DEMETRIUS DAVIS,                          No.  2:19-cv-1960 TLN AC P

12                  Plaintiff,

13         v.                                  ORDER

14   COUNTY OF SACRAMENTO, et al.,

15                  Defendants.

16

17         Plaintiff, a county inmate proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983.

18   The First Amended Complaint, ECF No. 8, is before the court for screening.

19      I.      Statutory Screening of Prisoner Complaints

20         The court is required to screen complaints brought by prisoners seeking relief against a

21   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

22   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

23   "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[]

24   monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

25         A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."

26   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

27   Cir. 1984).  "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal

28   theories' or whose 'factual contentions are clearly baseless.'"  Jackson v. Arizona, 885 F.2d 639,

                                                  1

640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."  Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555 (citations omitted).  "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'"  Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. (citing Twombly, 550 U.S. at 556).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

II.     First Amended Complaint

Plaintiff brings suit against "Sacramento County Jail medical staff," Dr. Saba and "all the

2

nurses" regarding medical care for a broken hand.  ECF No. 8.  The First Amended Complaint

(FAC) alleges as follows.  In 2018 or 2019, plaintiff slipped and fell in the shower at RCCC,

breaking his hand and wrist.  According Dr. Saba, the hand should have been rebroken and a

screw put in.  Plaintiff "experienced issues with repeated x-rays."  Plaintiff received no pain

medication, and the only treatment for the fracture was a soft splint.  Plaintiff's hand is healing

incorrectly, and he remains in pain.  Id. at 3.

III.    Failure to State a Claim

Plaintiff's sparse factual allegations are virtually identical to those of the original

complaint.  Although he has dropped his claim against the County itself, plaintiff has not

identified any individual defendant medical provider other than Dr. Saba, nor identified any

specific action that any intended defendant took which constituted inadequate medical care in

violation of constitutional standards.  As for Dr. Saba, there are no facts reflecting subjective or

objective deliberate indifference to plaintiff's broken hand.  See Gordon v. County of Orange,

888 F.3d 1118, 1124-1125 (9th Cir. 2018) (describing objective deliberate indifference standard

applicable to claims of pretrial detainees); Wilson v. Seiter, 501 U.S. 294, 299 (1991) (describing

subjective deliberate indifference standard applicable to claims of prisoners). [1]

The facts alleged here are not enough to state a claim for relief under either standard.

First, plaintiff has already been informed that he may not maintain a claim against unspecified

"jail medical staff" as a collective entity.  Liability under § 1983 is limited to the individual

persons who actually caused the violation of plaintiff's rights.  See Johnson v. Duffy, 588 F.2d

740, 743 (9th Cir. 1978).  Second, the FAC does not include any additional factual allegations

that demonstrate inadequate care by any medical provider at RCCC.  The allegations as to Dr.

Saba are that she said plaintiff should have had a screw put in; although it is not entirely clear,

plaintiff may also be alleging that she tried breaking his hand and wrist so that they could be

_____

[1]  Plaintiff was informed in the previous screening order, ECF No. 6, that the legal standard
applicable to his claim depends on his status as a pretrial detainee or convicted prisoner.  See
Gordon, 888 F.3d at1124-1125 (discussing elements of Fourteenth Amendment medical care
claim by pretrial detainee); Wilson, 501 U.S. at 299 (discussing elements of Eighth Amendment
medical care claim by prisoner).  Plaintiff was asked to clarify his status, but has not done so in
the FAC.

1  reset.  ECF No. 8 at 3.  There are no allegations of treatment withheld, or inadequate treatment

2  provided, by any putative Doe defendant.  Accordingly, plaintiff has not stated a claim for relief

3  against any named or unnamed medical provider.

4        Plaintiff will be given a final opportunity to amend his complaint.

5    IV.    Leave to Amend

6        If plaintiff chooses to file a first amended complaint, he must demonstrate how the

7  conditions about which he complains resulted in a deprivation of his constitutional rights.  Rizzo

8  v. Goode, 423 U.S. 362, 370-71 (1976).  Also, the complaint must allege in specific terms how

9  each named defendant is involved.  Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th

10  Cir. 1981).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link

11  or connection between a defendant's actions and the claimed deprivation.  Id.; Johnson v. Duffy,

12  588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official

13  participation in civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266,

14  268 (9th Cir. 1982) (citations omitted).

15        Plaintiff is also informed that the court cannot refer to a prior pleading in order to make

16  his first amended complaint complete.  Local Rule 220 requires that an amended complaint be

17  complete in itself without reference to any prior pleading.  This is because, as a general rule, an

18  amended complaint supersedes the original complaint.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir.

19  1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th

20  Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled

21  in subsequent amended complaint to preserve appeal).  Once plaintiff files a first amended

22  complaint, the original complaint no longer serves any function in the case.  Therefore, in an

23  amended complaint, as in an original complaint, each claim and the involvement of each

24  defendant must be sufficiently alleged.

25    V.    Plain Language Summary of this Order for a Pro Se Litigant

26        You are being given leave to amend again because the facts you have alleged are not

27  enough to state a claim for relief.  You need to clarify whether you were a pretrial detainee or

28  were serving a sentence at the time your injuries were being treated.  To state a claim that your

1   constitutional rights were violated by medical care, you need to identify the individual medical

2   providers whose conduct hurt you.  Even if you do not know their names, you need to describe

3   what the individuals did, and what facts or circumstances show deliberate indifference on the part

4   of each individual you are trying to sue.  As for Dr. Saba, you have not explained what she did

5   that was so inadequate it violated your constitutional rights.

6       If you choose to amend your complaint, the second amended complaint must include all of

7   the claims you want to make because the court will not look at the claims or information in the

8   previous complaints.  **Any claims not in the second amended complaint will not be**

9   **considered.**

10                          <u>CONCLUSION</u>

11       In accordance with the above, IT IS HEREBY ORDERED that:

12       1.  Plaintiff's first amended complaint, ECF No. 8, fails to state a claim upon which relief

13   may be granted, <u>see</u> 28 U.S.C. § 1915A, and will not be served.

14       2.  Within thirty days from the date of service of this order, plaintiff may file an amended

15   complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil

16   Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket

17   number assigned this case and must be labeled "Second Amended Complaint."  Plaintiff must file

18   an original and two copies of the amended complaint.  Failure to file an amended complaint in

19   accordance with this order will result in dismissal of this action.

20       3.  The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint

21   form used in this district.

22   DATED: July 28, 2021

23                                   ALLISON CLAIRE

24                                   UNITED STATES MAGISTRATE JUDGE

25

26

27

28