1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    DEMETRIUS DAVIS,                        No.  2:19-cv-1960 TLN AC P

12              Plaintiff,

13        v.                                  ORDER AND FINDINGS AND
                                              RECOMMENDATIONS
14    COUNTY OF SACRAMENTO, et al.,

15              Defendants.

16

17        Plaintiff, a county inmate proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983.

18   The Second Amended Complaint (SAC), ECF No. 11, is before the court for screening.  The

19   previously issued Findings and Recommendations, ECF No. 10, which recommended dismissal

20   for failure to prosecute, were filed before the SAC was docketed and will be vacated.

21        I.        Statutory Screening of Prisoner Complaints

22        The court is required to screen complaints brought by prisoners seeking relief against a

23   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

24   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

25   "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[]

26   monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

27        A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."

28   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

1

1    Cir. 1984).  "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal

2    theories' or whose 'factual contentions are clearly baseless.'"  Jackson v. Arizona, 885 F.2d 639,

3    640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as

4    stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a

5    constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.

6    Franklin, 745 F.2d at 1227-28 (citations omitted).

7            "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the

8    claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of

9    what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550

10   U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

11   "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context

12   of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."  Wilhelm v. Rotman,

13   680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure

14   to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a

15   cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the

16   speculative level."  Twombly, 550 U.S. at 555 (citations omitted).  "'[T]he pleading must contain

17   something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally

18   cognizable right of action.'"  Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur

19   R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

20           "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

21   relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting

22   Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual

23   content that allows the court to draw the reasonable inference that the defendant is liable for the

24   misconduct alleged."  Id. (citing Twombly, 550 U.S. at 556).  In reviewing a complaint under this

25   standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg.

26   Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the

27   pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor,

28   Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

II.     Second Amended Complaint

Plaintiff brings suit against three medical providers who treated him for an injured wrist at RCCC (Rio Cosumnes Correctional Center), a Sacramento County Jail facility.  The named defendants are Dr. Saba; Ariva Singh, R.N.; and Man Jeet, R.N.  ECF No. 11 at 1, 3.  The Second Amended Complaint alleges as follows.  Plaintiff was seen in the jail's medical department on an unspecified date after he fell and injured his wrist.[1]  Plaintiff was seen by nurses Singh and Jeet, neither of whom gave him pain medication.  The only treatment he received was a soft splint.  Plaintiff did not see Dr. Saba for several weeks.  At that time, x-rays showed that the hand was healing incorrectly and required surgical repair.  This will leave plaintiff with limited mobility for the rest of his life.  Dr. Saba told plaintiff that if the wrist had been set properly at the time of injury, the surgery and resulting limitations could have been avoided.  See ECF No. 2.

III.    Failure to State a Claim

Although it is not clear from the face of the complaint, plaintiff has informed the court that at the time of the events at issue he was serving a criminal sentence.  See ECF No. 12.  Because he was a prisoner and not a pretrial detainee, plaintiff's medical claim is governed by the Eighth Amendment.  See Wilson v. Seiter, 501 U.S. 294, 299 (1991).  To state a claim, plaintiff must allege facts showing that his medical needs were objectively serious, and that each defendant possessed a sufficiently culpable state of mind.  Id.  That state of mind is "deliberate indifference."  Hudson v. McMillian, 503 U.S. 1, 4 (1992).

In Farmer v. Brennan, 511 U.S. 825 (1994), the Supreme Court established a very strict standard which a plaintiff must meet in order to establish "deliberate indifference."  Negligence is insufficient.  Farmer, 511 U.S. at 835.  Even civil recklessness (failure to act in the face of an unjustifiably high risk of harm which is so obvious that it should be known) is insufficient.  Id. at 836-37.  Neither is it sufficient that a reasonable person would have known of the risk or that a defendant should have known of the risk.  Id. at 842.  A prison official acts with deliberate indifference only if he subjectively knows of and disregards an excessive risk to inmate health

---

[1]  Previous versions of the complaint indicated that this happened sometime in 2018 or 2019.

3

1    and safety.  Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004).

2         The allegations of the SAC fail to demonstrate deliberate indifference on the part of any

3    defendant.  The only allegations involving nurses Singh and Jeet are that they failed to give

4    plaintiff pain medication and gave him a soft splint.  There are no facts which would support a

5    conclusion that they were personally responsible for the delay in plaintiff being seen by Dr. Saba

6    or another physician.  Even if plaintiff means to imply that nurses Singh and Jeet should have

7    ensured prompt x-rays, which would have resulted in earlier diagnosis of the fracture and proper

8    setting of the broken wrist, their failure to do so would have amounted at most to negligence.

9    This is insufficient as a matter of law to support liability.  See Farmer, 511 U.S. at 835.  There are

10   no facts alleged which would support the inference that either nurse knew that their failure to take

11   further action created a serious risk of harm to plaintiff.  Without such allegations, plaintiff fails

12   to state an Eighth Amendment claim.  See Toguchi, 391 F.3d at 1057.

13        Dr. Saba is not alleged to have provided any substandard care, or to have done or failed to

14   do anything that caused the injury of which plaintiff complains.  Construed liberally, the SAC

15   alleges that plaintiff should have been seen by Dr. Saba or another physician sooner, but there are

16   no facts indicating any fault on the doctor's part in this regard.  Liability under § 1983 requires a

17   defendant's personal involvement in causing the constitutional deprivation at issue.  See Jones v.

18   Williams, 297 F.3d 930, 934 (9th Cir. 2002); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.

19   1978).  There are no factual allegations showing that Dr. Saba was aware of plaintiff's serious

20   medical condition at the time plaintiff's wrist might have been set correctly, subjectively

21   appreciated that the failure to act promptly created a serious risk of harm to plaintiff, and failed to

22   take action to prevent that harm.  Accordingly, the facts do not state a deliberate indifference

23   claim against Dr. Saba.

24        An inmate cannot recover under 42 U.S.C. § 1983 and the Eighth Amendment for medical

25   care that is merely indifferent, negligent, or even that which rises to the level of medical

26   malpractice.  See Lemire v. Cal. Dep't of Corr. & Rehab., 726 F.3d 1062, 1082 (9th Cir. 2013).

27   Absent facts demonstrating "deliberate indifference" in the constitutional sense, plaintiff cannot

28   ////

1  state a claim for relief.  Accordingly, plaintiff has not stated a claim for relief against any medical

2  provider.

3       IV.    Further Leave to Amend is Not Warranted

4       Leave to amend need not be granted when amendment would be futile.  Hartmann v.

5  CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013).  Prior failure to cure deficiencies by amendment

6  supports the denial of further leave to amend.  See Foman v. Davis, 371 U.S. 178, 182 (1962).  In

7  this case, plaintiff has twice been granted leave to amend his complaint.  ECF Nos. 6, 9.  He has

8  twice been provided with information about the legal standards applicable to his claims, the

9  defects of his pleadings, and the factual gaps in his claims.  Id.  It appears that plaintiff has

10  presented all the facts available to him, and he is no closer to stating a claim for relief.

11       In a recently filed statement, plaintiff complains that he was treated disrespectfully by the

12  defendant medical providers.  ECF No. 12.  While these allegations present a legitimate

13  grievance, they do not support and Eighth Amendment claim.  The undersigned concludes that

14  further amendment would be futile.

15       V.    Plain Language Summary of this Order for a Pro Se Litigant

16       To state a claim for relief under the Eighth Amendment, you must plead facts showing

17  that the defendant doctor and nurses acted with "deliberate indifference."  That is something

18  much worse than negligence or malpractice—it means the defendants knew when they treated

19  you that they were creating a serious risk of further harm, and they didn't care.  The facts you

20  have presented may well show that you did not get the care you should have gotten for your wrist,

21  but that is not enough to go forward with this lawsuit.  Because you have already been given two

22  chances to amend your complaint, the magistrate judge is recommending that your case be

23  dismissed without further amendment.

CONCLUSION

25       In accordance with the above, IT IS HEREBY ORDERED that the Findings and

26  Recommendations at ECF No. 10 are VACATED.

27       It is FURTHER RECOMMENDED that:

28       1.  The second amended complaint be DISMISSED pursuant to 28 U.S.C. § 1915A(a),

1    without leave to amend, for failure to state a claim upon which relief may be granted; and

2         2.  This case be CLOSED.

3         These findings and recommendations are submitted to the United States District Judge

4    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14)

5    days after being served with these findings and recommendations, plaintiff may file written

6    objections with the court and serve a copy on all parties.  Such a document should be captioned

7    "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that

8    failure to file objections within the specified time may waive the right to appeal the District

9    Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

10   DATED: September 23, 2021

11                                    _____
                                      ALLISON CLAIRE
12                                    UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28